IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEROME D. BROWN | § | |
| | § | |
| v. | § | C.A. NO. C-07-474 |
| | § | |
| SERGEANT E. CASTRO | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Texas state prisoner Jerome D. Brown filed this action pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff filed a motion to proceed in forma pauperis. (D.E. 5).

## DISCUSSION

Plaintiff is currently incarcerated in the Neal Unit in Amarillo, Texas. He is a litigant who has accumulated in excess of three strikes under 28 U.S.C. § 1915(g), and is therefore, barred from proceeding in forma pauperis in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury.[1] He makes no such assertion or showing in his current complaint. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam).

In his action, plaintiff "request[s] for this case to be turned over to the

---

[1] Brown v. Banks, et al., No. 4:97-cv-813 (N.D. Tex. Oct. 3, 1997) (first strike for a frivolous filing); Brown v. Williams, No. 4:97-cv-835 (N.D. Tex. Oct. 10, 1997) (second strike for a frivolous filing); Brown v. Smith, et al., No. 4:98-cv-849 (N.D. Tex. Oct. 7, 1998) (third strike for a frivolous filing); Brown v. Moore, No. 4:03-cv-163 (N.D. Tex. Mar. 18, 2003) (fourth strike for frivolous filings and barred from proceeding in forma pauperis except in cases involving imminent danger of serious physical injury); Brown v. Quarterman, No. 5:07-cv-150 (N.D. Tex. Aug. 13, 2007) (fifth strike for a frivolous filing).

federal prosecutor's office to pursue criminal charges and civil charges against Sgt. E. Castro and others [sic] unnamed state correctional officers whom [sic] assaulted me and an attempt to cover it up." (D.E. 1, at 1). Specifically, he alleges that Sergeant Castro hit him in his face, slammed him on the concrete, and repeatedly kicked him, causing plaintiff to fear for his life. Id. It is unclear when this alleged assault occurred, but it was some time prior to December 29, 1998, when plaintiff claims to have filed administrative grievances regarding the incident. Id.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion to proceed in forma pauperis. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing Banos, 144 F.3d at 884-85). At the time that he filed the motion to proceed in forma pauperis, plaintiff was no longer at the McConnell Unit. Thus, when he filed his motion, there was no threat of imminent danger as he was then incarcerated at Neal Jail.

The Fifth Circuit has held that an inmate who has three or more strikes pursuant to § 1915(g) may not proceed in forma pauperis in any new civil actions. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Plaintiff has more than three strikes for frivolous actions.

Accordingly, it is respectfully recommended that this action should be dismissed and that his application to proceed in forma pauperis be denied pursuant

to 28 U.S.C. § 1915(g).

### **RECOMMENDATION**

Plaintiff has over three strikes pursuant to § 1915(g). Accordingly, it is respectfully recommended that his action be dismissed. It is also respectfully recommended that his motion to proceed in forma pauperis, (D.E. 5), be denied.

Finally, it is respectfully recommended that, should the Court adopt this recommendation, the dismissal be characterized as one described by 28 U.S.C. § 1915(g), and that the Clerk be directed to provide a copy of the order of dismissal to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

Respectfully submitted this 27th day of December 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).